IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN,<br><br>Petitioner,<br><br>vs.<br><br>GOVERNOR STEVE BULLOCK,<br><br>Respondent. | CV 15-0017-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE<br>JUDGE |

Petitioner Shawn Cowan has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a Petition for Preliminary Injunction for Declaratory Relief. (Doc. 2.) Under the Federal Rules of Civil Procedure, a civil action can only be commenced by filing a complaint with the court. Fed.R.Civ.P. 3. Accordingly, the Court will liberally construe Mr. Cowan's filing as a civil complaint.

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Mr. Cowan's

1

application should be denied for several reasons.

First, Mr. Cowan's application to proceed in forma pauperis is insufficient as he failed to file a copy of his inmate trust account statement for the six-month period immediately preceding the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2).

Secondly, Mr. Cowan filed this action as a Petition for a Preliminary Injunction and therefore may not have intended to subject himself to the $350.00 filing fee.

Lastly, and most importantly, Mr. Cowan's motion should be denied because his allegations are frivolous. As Mr. Cowan is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Court must review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Cowan's claims are frivolous because they are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

Recently, Mr. Cowan filed a petition for writ of habeas corpus in the Montana Supreme Court seeking relief from his 2002 and 2009 convictions.

According to the Montana Supreme Court's February 17, 2015 Order:

Following a plea of guilty, Cowan was convicted in 2002 of felony aggravated kidnapping, and the Twenty-First Judicial Court deferred imposition of a six-year sentence. In its Judgment, the District Court

3

> noted that a factual basis existed for the guilty plea, which was "knowingly, voluntarily and intelligently entered . . . ." Judgment, p. 2. In 2005, following violations of probationary conditions, the District Court revoked his deferred sentence and committed Cowan to the Department of Corrections (DOC) for ten years with six years suspended. Cowan then pleaded guilty to new charges of felony burglary and felony criminal possession of dangerous drugs. The court sentenced him to a five-year consecutive term on each charge in May 2009. The District Court later amended the judgment to include that the 2009 sentence runs concurrently with his prior 2005 sentence. Cowan violated the probationary terms and conditions of his sentences in 2012. The District Court revoked both sentences on July 8, 2013, and imposed a six-year DOC commitment for the 2005 sentence and five-year term for the 2009 sentence, to run concurrently with each other.

*Cowan v. Berkebile*, OP 15-0080 (Mont. S.Ct. February 17, 2015).

In this action, Mr. Cowan seeks a preliminary injunction requiring Governor Steve Bullock to "uphold his Constitutional duty to the Petitioner and Public by investigating and correcting the issues presented." (Doc. 2 at 1.) He alleges members of the Montana judicial branch are committing acts of terrorism that violate his constitutional rights. (Doc. 2 at 1-3.) He states that these terrorist acts started in the 21st Judicial District of Ravalli County, Montana, and entail DJ-92-01, DC 02-11, and DC 08-54. He alleges the main actor in these transgressions is Judge Jeffrey Langton who Mr. Cowan alleges has been denying his fundamental rights since 1991. (Doc. 2.)

However Mr. Cowan wants to frame his arguments, he is attempting to

challenge his criminal convictions. A determination in this Court regarding whether any of Mr. Cowan's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As none of Mr. Cowan's convictions have been reversed, declared invalid, expunged, or called into question, Mr. Cowan's claims are barred by *Heck*. These are not defects which could be cured by amendment. Accordingly, Mr. Cowan's claims are frivolous, and the motion to proceed in forma pauperis should be denied.

## "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g).

The question of whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally

5

frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, the Court finds that the filing of this action is malicious because Mr. Cowan has filed at least two other cases with similar allegations in this Court that have been dismissed. *See Cowan v. U.S. Department of Justice, et al.*, Civil Action 13-cv-231-M-DWM; *Cowan v. State of Montana, et al.*, Civil Action 12-cv-00105-M-DLC. The filing of this case with similar frivolous allegations is malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

### Address Change

At all times during the pendency of this action, Mr. Cowan must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Cowan's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED** because Mr. Cowan's Complaint (Doc. 2) is frivolous. The Court should also decline to give Mr. Cowan an opportunity to pay the filing fee because the defects with his Complaint cannot be cured. The Complaint should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Cowan's claims are frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cowan may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge